### SHEPHERD v. ELFERS.

(Supreme Court, Appellate Term. December 22, 1909.)

SALES (§ 359*)—ACTIONS FOR PRICE—SUFFICIENCY OF EVIDENCE.

In an action for goods sold, in which defendant claimed credits for goods returned, evidence *held* to show that a credit given to defendant in December for metal returned was for metal returned in August, as claimed by plaintiff, and that defendant was entitled to no credits other than those allowed.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 359.*]

Appeal from City Court of New York, Trial Term.

Action by John L. Shepherd against William R. Elfers. From an order denying a motion to set aside a verdict for plaintiff for insufficient relief and for a new trial, plaintiff appeals. Reversed, verdict set aside, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Olney & Comstock (Don R. Almy, of counsel); for appellant.

Max D. Steuer, for respondent.

LEHMAN, J. The plaintiff sues for goods sold and delivered to the defendant. The agreed price of the goods was $2,134.38. The defendant has paid $1,181.81 on account, and has received credit in the sum of $637.29, leaving a balance due of $315.28. The only dispute between the parties is whether or not the defendant is entitled to certain additional credits which he claims.

It appears that about August 3, 1905, the defendant returned 503 pounds of scrap, for which he claims credit at 15 cents per pound, and on August 30, 1905, he returned 52 pounds of German silver blanks at 42½ cents per pound, making a total of $97.55. The plaintiff in his bill of particulars has allowed the defendant, under date of December 30, 1905, a credit for 650¼ pounds of scrap, amounting to $97.55. While the credit is made on a different date and for different goods, the coincidence of the amount is certainly strong evidence that this represents the credit which the defendant is now claiming. The plaintiff has explained the discrepancy in the dates by testimony that when the goods were delivered they were left in the original packages, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

did not bear any marks showing to whom they should be credited, and the plaintiff, therefore, gave the defendant no credit until he sent in a statement thereafter. Under these circumstances, in the absence of evidence that the defendant returned other goods in December to which the credit might apply, I think the conclusion is irresistible that the credit given in December referred to the goods returned in August.

The defendant also returned goods on November 21, 1905, which were received by the plaintiff on November 24th. Defendant claims that these goods were 545 pounds of German silver or white metal, for which he is entitled to a credit at the rate of 42½ cents per pound, amounting to $231.63. It appears that on December 21st he received a credit of $150.87 for 355 pounds of German silver. The defendant does not claim that he has returned any German silver in December. The plaintiff says that the December credit is for goods returned on November 21st. His receiving clerk testifies that he weighed the metal returned at that time, and it weighed 355 pounds. The defendant admits that he did not weigh the metal returned in November himself, nor does he know whether or not it was weighed in his presence. He admits, further, that the shipping receipt places the weight at 380 pounds, and the weight of the package would be about 25 pounds, leaving about 355 pounds of metal returned. Under these circumstances, if the jury did not find that the credit of the 355 pounds referred to the alleged return of the 545 pounds of metal, and that this was the amount of credit to which the defendant was entitled, then its verdict would be against the weight of evidence. By its verdict it allowed the defendant $178.30 of additional credits. On what theory these additional credits were estimated is not apparent; but since, under the evidence, no further credits should, on any theory, have been allowed to the defendant, the order must be reversed, and the verdict set aside, and a new trial ordered, with costs to appellant to abide the event.

Order reversed, and verdict set aside, and new trial ordered, with costs to appellant to abide the event. All concur.